PACE et ux. v. INDUSTRIAL COMMISSION et al.

No. 5514. Decided August 2, 1935. (47 P. [2d] 1050.)

*Willard Hanson* and *Chris Mathison,* both of Salt Lake City, for plaintiffs.

*Joseph Chez,* Atty. Gen., and *Gustin & Richards,* of Salt Lake City, for defendants.

MOFFAT, Justice.

This is a proceeding to review an order of the Industrial Commission of Utah. The applicants, W. H. Pace and Catherine M. Pace, his wife, father and mother respectively of Jean Pace, deceased, filed their application with the Industrial Commission asking compensation for the death of their daughter. The application alleges that Jean Pace lost her life by reason of an accident arising out of or in the course of her employment and while employed by the Radio-Keith Orpheum during May, 1933.

The hearing before the Industrial Commission resolved the controversy to two stated issues: (1) Did the deceased die as the result of injuries received on or about May 7, 1933, and while engaged in the employment referred to, and (2) were the applicants dependent upon the deceased at the time of the alleged injury? After hearing the evidence, the Industrial Commission denied compensation, based upon the following findings:

"That on the 20th day of May, 1933, and for some time prior thereto, Jean Pace was employed by the Radio-Keith Orpheum as a dancer. That on or about the 10th day of May, 1933, a blister formed upon the left heel of the said Jean Pace, which thereafter became infected and that she died on the 20th day of May, 1933.

"That W. H. Pace and Catherine M. Pace are the father and mother of said Jean Pace, deceased. That the blister found upon the left heel of said Jean Pace, which became infected, was not directly or indirectly caused by or due to an accident arising out of or in the course of her employment while employed by the Radio-Keith Orpheum. That W. H. Pace and Catherine M. Pace were not at the time of the death of said Jean Pace dependents of said Jean Pace, deceased.

"In view of the foregoing facts, the Commission concludes that the applicants are not entitled to compensation, and that said application and the claim of said applicants should be denied. The Commission further concludes that the deceased did not die as the result of an accidental injury arising out of or in the course of her employment."

We have examined the record and transcript of the evidence and whether or not we may agree or disagree upon the propositions as determined by the Commission, or whether or not, had we been members of the Commission, we would have arrived at the same decision, or a different one, we are of the opinion the record does not justify our interference with the findings and conclusions of the Commission. If Jean Pace did not meet with an accident arising out of or in the course of her employment, no compensation could be awarded, and the second issue of dependency becomes immaterial in this case.

The following summary of the evidence may be said to be admittted or unconradicted. Jean Pace and sister Dorthea, aged 19 and 22 years respectively, started to work for Radio-Keith Orpheum about April 18, 1933. Jean Pace, the decedent, worked three or four weeks doing a dance act in regular chorus work. Her salary was $15 per week. The act called for a number of routines, and they danced in four shows a day until the last week, during which they danced in three shows a day. Besides the dancing act, the girls, eight in number, were required to spend some time in practice and preparation under supervision of Lillian Smith, who taught the girls their routine. To and from work the girls wore ordinary shoes; in practice work they had their choice as to shoes, while in their dancing act they were required to wear special white satin shoes without hose.

Jean and Dorthea Pace lived with a sister, Mrs. Stapley, during the period of their employment. Mrs. Stapley testified that on the evening of May 6 or 7, 1933, Jean came home and showed her her foot and that there was a blister on her heel; that it did not seem "bad or sore then." The next night Jean said her foot was sore. "It was swollen across the back * * * right where the blister was." It was treated that night. The next morning her foot was not so sore, but she was weak. A doctor was called who was asked to examine her heart, but nothing was said to the doctor about her foot. She continued her dancing until about May 11th

or 12th, when another doctor was called. An infection had developed. It was treated, and the girl prescribed for. On the 14th of May the doctor ordered her to the hospital, where she lingered until the 20th, when she died from the effects of a "blister on the left heel which became infected and entered the blood stream, causing a staphylococcic septicemia."

The question of dependency need not be discussed further than to say the only claim of contribution is the payment by Jean to her father of the sum of $35 some time before while they were at San Francisco. Expected or anticipated returns for money expended in educational and training development were referred to, but not sufficient to make out a case of dependency and contributed support.

The case of *Russell* v. *Industrial Commission*, 43 P. (2d) 1069, recently decided by this court, is so nearly analogous to the instant case as to be indistinguishable. Other cases are there cited. In this case, as in that, there is no direct evidence as to how, when, or where Jean Pace received the blister on her heel or the time or source of the infection. It may well have been inferred that the blister arose from the dancing. The blister in and of itself may have been no cause for concern and may have healed without serious consequences had no infection developed; but when two or more inferences may reasonably be drawn from the evidence this court is not authorized to direct the inference to be drawn.

The Commission may have been in doubt as to when the blister developed, or when it broke or the cause of its breaking and becoming a portal of entry for infection, or the cause or source of the infection or when it arose.

In view of the situation here presented, the order denying compensation may not be disturbed. The order of the Commission is therefore affirmed.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.